Thomas SIMS, Petitioner–Appellant,

v.

Thomas MADDOCK, Respondent–Appellee.

No. 99–16364.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 2000.

Decided Jan. 24, 2001.

---

4. Hart's request for supplemental briefing is denied.

Before KLEINFELD, HAWKINS and TALLMAN, Circuit Judges.

## MEMORANDUM*

California State prisoner Thomas Sims appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Sims was administratively convicted at the Duel Vocational Institute in 1993 for mailing obscene material in violation of federal mail law. Sims was assessed 150 days in loss of good time credit. He asserts that his due process rights were vio-

lated because he was not allowed to view the "return-to-sender" envelopes, the obscene matter contained in them, and the names and addresses of the persons who complained regarding receipt of the mail.

The due process rights in "liberty interests" of prisoners serving life sentences are very limited. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (focusing on the actual deprivation at issue to determine liberty interests). Here, there was a minor loss of good time credits which is unlikely to alter the balance of his "life plus three-year" sentence. *See id.* Thus, there is no cognizable liberty interest at stake here. *See id.*

Even if we were inclined to reach the merits of Sims's claims, we are unpersuaded by Sims's due process concerns in light of the prison administrators' determination that legitimate security reasons necessitated the denial of his request to view the evidence against him. *See Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (emphasizing a reluctance of the court to exercise oversight and put aside the judgment of prison administrators in light of security concerns); *Zimmerlee v. Keeney*, 831 F.2d 183, 185 (9th Cir.1987) (same). The fact that Sims assaulted and nearly caused the death of the hearing officer is persuasive evidence supporting a concern over retaliation.

Sims also claims that there was insufficient evidence to support a finding of guilt. Under the Supreme Court's decision in *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), our inquiry upon review is "whether there is any evidence in the record that could support the conclusion reached by

---

the disciplinary board." *Hill,* 472 U.S. at 455–56. The evidence in this case meets this minimal standard because 1) only Sims stood to gain from the mail scheme; 2) his name and return address were on the envelopes and mailed material; and 3) evidence was discovered in his prison cell that he had attempted to rent a private postal box outside of the prison.

The judgment of the district court denying the petition for writ of habeas corpus is AFFIRMED.

Judge HAWKINS concurs in the judgment.

---

**1.** This disposition is not appropriate for publi-     cation and may not be cited to or by the